UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

MARK S. SCHROEDER,

    Plaintiff,

v.

CITY OF WAUKESHA,                                             Case No. 13cv0696
OFFICER RYAN LaFAVOR,
OFFICER AMANDA BAUER
LIEUTENANT KEVIN KOBER,
CAPTAIN DENNIS ANGLE,
SERGEANT TOM WAGNER, and other unidentified members
of the CITY OF WAUKESHA POLICE DEPARTMENT,
each in his/her individual capacity,
COMMUNITY INSURANCE CORPORATION, and/or
ABC INSURANCE CORPORATION,

    Defendants.

## ANSWER TO AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

NOW COME the Defendants, by their attorneys, Axley Brynelson, LLP, by Lori M. Lubinsky and Tyler Wilkinson, and for their Answer and Affirmative Defenses to Plaintiff's Amended Complaint, state as follows:

    1A.    Deny the allegations contained in the paragraph labeled "Introductory Statement" of Plaintiff's Amended Complaint.

    1.    Admit, upon information and belief, the allegations contained in Paragraph 1 of Plaintiff's Amended Complaint.

    2.    Admit the factual allegations contained in Paragraph 2 of Plaintiff's Amended Complaint; the allegations in Paragraph 2 relating to LaFavor being sued in his individual capacity and official capacity are legal conclusions for which no answer is necessary or required;

to the extent an answer is deemed necessary or required, deny the same and put Plaintiff to his proof thereon.

3. Admit the factual allegations contained in Paragraph 3 of Plaintiff's Amended Complaint; the allegations in Paragraph 3 relating to Bauer being sued in her individual capacity and official capacity are legal conclusions for which no answer is necessary or required; to the extent an answer is deemed necessary or required, deny the same and put Plaintiff to his proof thereon.

4. Admit the factual allegations contained in Paragraph 4 of Plaintiff's Amended Complaint; the allegations in Paragraph 4 relating to Kober being sued in his individual capacity and official capacity are legal conclusions for which no answer is necessary or required; to the extent an answer is deemed necessary or required, deny the same and put Plaintiff to his proof thereon.

5. Admit the factual allegations contained in Paragraph 5 of Plaintiff's Amended Complaint; the allegations in Paragraph 5 relating to Wagner being sued in his individual capacity and official capacity and acting as a municipal agent with final policymaking authority are legal conclusions for which no answer is necessary or required; to the extent an answer is deemed necessary or required, deny the same and put Plaintiff to his proof thereon.

6. Admit the factual allegations contained in Paragraph 6 of Plaintiff's Amended Complaint; the allegations in Paragraph 6 relating to Angle being sued in his individual capacity and official capacity and acting as a municipal agent with final policymaking authority are legal conclusions for which no answer is necessary or required; to the extent an answer is deemed necessary or required, deny the same and put Plaintiff to his proof thereon.

7. Deny knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 7 of Plaintiff's Amended Complaint, and therefore deny the same and put Plaintiff to his proof thereon.

8. Admit the allegations contained in Paragraph 8 of Plaintiff's Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations relating to "others" being employed by the City of Waukesha, and therefore deny the same and put Plaintiff to his proof thereon.

9. In answering Paragraph 9 of Plaintiff's Amended Complaint, admit that Community Insurance Corporation ("CIC") issued a policy of insurance to the City of Waukesha, which policy was in full force and effect on the date of the incident that is the subject of Plaintiff's Amended Complaint. Deny knowledge or information sufficient to form a belief as the truth of the remaining allegations contained therein, and therefore deny the same and put Plaintiff to his proof thereon. Affirmatively allege that the policy of insurance is subject to its terms, conditions, provisions and limitations.

10. The allegations contained in Paragraph 10 of Plaintiff's Amended Complaint are legal conclusions for which no answer is necessary or required; to the extent an answer is deemed necessary or required, deny the same and put Plaintiff to his proof thereon.

11. The allegations contained in Paragraph 11 of Plaintiff's Amended Complaint are legal conclusions for which no answer is necessary or required; to the extent an answer is deemed necessary or required, deny the same and put Plaintiff to his proof thereon.

12. In answering Paragraph 12 of Plaintiff's Amended Complaint, admit that the events that are the subject of Plaintiff's Amended Complaint occurred in the City and County of Waukesha, Wisconsin. The remaining allegations contained therein are legal conclusions for

which no answer is necessary or required; to the extent an answer is deemed necessary or required, deny the same and put Plaintiff to his proof thereon.

13. In answering Paragraph 13 of Plaintiff's Amended Complaint, admit only that the Plaintiff served on the City of Waukesha some of the documents included within Exhibit 1 to Plaintiff's Amended Complaint. The remaining allegations contained therein are legal conclusions for which no answer is necessary or required; to the extent an answer is deemed necessary or required, deny the same and put Plaintiff to his proof thereon.

14. Admit the allegations contained in Paragraph 14 of Plaintiff's Amended Complaint, except deny knowledge or information sufficient to form a belief as the truth of the allegations relating to a third vehicle arriving "within minutes" of the accident and the occupants of that vehicle, and therefore deny the same and put Plaintiff to his proof thereon.

15. Admit the allegations contained in Paragraph 15 of Plaintiff's Amended Complaint.

16. In answering Paragraph 16 of Plaintiff's Amended Complaint, admit that LaFavor instructed occupants of a third vehicle to leave the accident scene. Deny knowledge or information sufficient to form a belief as the truth of the remaining allegations contained in Paragraph 16 of Plaintiff's Amended Complaint, and therefore deny the same and put Plaintiff to his proof thereon.

17. Deny knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 17 of Plaintiff's Amended Complaint, and therefore deny the same and put Plaintiff to his proof thereon.

18. Admit the allegations contained in Paragraph 18 of Plaintiff's Amended Complaint.

4

Case 2:13-cv-00696-JPS   Filed 10/28/13   Page 4 of 15   Document 25

19. In answering Paragraph 19 of Plaintiff's Amended Complaint, admit that Plaintiff arrived at the accident scene in a fourth vehicle at some time after the accident occurred. Deny knowledge or information sufficient to form a belief as the truth of the remaining allegations therein, and therefore deny the same and put Plaintiff to his proof thereon.

20. In answering Paragraph 20 of Plaintiff's Amended Complaint, admit that Plaintiff crossed Highway 164 in the direction of the accident and that at some point as he approached the accident scene LaFavor instructed him not to come to the accident scene. Deny knowledge or information sufficient to form a belief as the truth of the remaining allegations contained therein, and therefore deny the same and put Plaintiff to his proof thereon.

21. In answering Paragraph 21 of Plaintiff's Amended Complaint, admit that after being instructed not to come any closer to the accident scene, Plaintiff proceeded further toward the accident scene and that Officer LaFavor responded as a result of Plaintiff disobeying his command. Deny knowledge or information sufficient to form a belief as the truth of the remaining allegations contained therein, and therefore deny the same and put Plaintiff to his proof thereon.

22. Deny the allegations contained in Paragraph 22 of Plaintiff's Amended Complaint.

23. In answering Paragraph 23 of Plaintiff's Amended Complaint, admit that Officer LaFavor used physical contact due to Plaintiff's resistance. Deny the remaining allegations contained therein.

24. In answering Paragraph 24 of Plaintiff's Amended Complaint, admit that Officer Bauer came to the assistance of Officer LaFavor at and prior to the time he was in physical contact with the Plaintiff. Deny the remaining allegations contained therein.

25. In answering Paragraph 25 of Plaintiff's Amended Complaint, admit that at some time someone reported to one or more officers that Plaintiff had recently undergone back surgery. Deny the remaining allegations contained therein.

26. Deny the allegations contained in Paragraph 26 of Plaintiff's Amended Complaint.

27. In answering Paragraph 27 of Plaintiff's Amended Complaint, admit that other police officers came to the accident scene. Deny the remaining allegations contained therein.

28. In answering Paragraph 28 of Plaintiff's Amended Complaint, admit that Plaintiff was transported to the Waukesha Memorial Hospital by the City of Waukesha Police Department. Deny knowledge or information sufficient to form a belief as the truth of the remaining allegations contained therein, and therefore deny the same and put Plaintiff to his proof thereon.

29. In answering Paragraph 29 of Plaintiff's Amended Complaint, deny knowledge or information sufficient to form a belief as the truth of the allegations relating to Plaintiff's injuries, and therefore deny the same and put Plaintiff to his proof thereon. Deny the remaining allegations contained therein.

30. In answering Paragraph 30 of Plaintiff's Amended Complaint, admit that Plaintiff was transported from Waukesha Memorial Hospital to the Identification Bureau and subsequently released from custody. Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and therefore deny the same and put Plaintiff to his proof thereon.

31. In answering Paragraph 31 of Plaintiff's Amended Complaint, deny that Officer Bauer's MAVRS equipment captured "the entire incident." Admit the remaining allegations contained in Paragraph 31 of Plaintiff's Amended Complaint.

32. Admit the allegations contained in Paragraph 32 of Plaintiff's Amended Complaint.

33. Deny the allegations contained in Paragraph 33 of Plaintiff's Amended Complaint. Affirmatively allege that the Incident Reports speak for themselves.

34. In answering Paragraph 34 of Plaintiff's Amended Complaint, admit that the City of Waukesha Police Department did not obtain any witness statements relating to the incident that is the subject of Plaintiff's Amended Complaint. Deny knowledge or information sufficient to form a belief as the truth of the remaining allegations contained therein, and therefore deny the same and put Plaintiff to his proof thereon.

35. Deny knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 35 of Plaintiff's Amended Complaint, and therefore deny the same and put Plaintiff to his proof thereon.

36. Deny knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 36 of Plaintiff's Amended Complaint, and therefore deny the same and put Plaintiff to his proof thereon.

37. In answering Paragraph 37 of Plaintiff's Amended Complaint, admit that the audio and video footage was not provided to the Waukesha County District Attorney's office at any time. Deny knowledge or information sufficient to form a belief as the truth of the remaining allegations contained therein, and therefore deny the same and put Plaintiff to his proof thereon.

38. Admit the allegations contained in Paragraph 38 of Plaintiff's Amended Complaint.

39. Admit the allegations contained in Paragraph 39 of Plaintiff's Amended Complaint.

40. Admit the allegations contained in Paragraph 40 of Plaintiff's Amended Complaint.

41. Admit the allegations contained in Paragraph 41 of Plaintiff's Amended Complaint.

42. In answering Paragraph 42 of Plaintiff's Amended Complaint, admit that Plaintiff's criminal defense counsel spoke with Officer LaFavor during which conversation Officer LaFavor confirmed that squad video recordings had been taken and depicted the incident in question; admit that Officer LaFavor advised Plaintiff's criminal defense counsel that he had reviewed the video. Deny the remaining allegations contained in Paragraph 42 of Plaintiff's Amended Complaint.

43. In answering Paragraph 43 of Plaintiff's Amended Complaint, admit that certain notices were served upon the City of Waukesha, Officer LaFavor and Officer Bauer relating to the incident that is the subject of Plaintiff's Amended Complaint. Deny knowledge or information sufficient to form a belief as the truth of the remaining allegations contained therein, and therefore deny the same and put Plaintiff to his proof thereon.

44. Admit the allegations contained in Paragraph 44 of Plaintiff's Amended Complaint.

45. In answering Paragraph 45 of Plaintiff's Amended Complaint, admit that on or about January 13, 2011, Plaintiff's counsel filed a Motion to Dismiss relating to the destruction of the video footage of the incident that is the subject of Plaintiff's Amended Complaint. Deny knowledge or information sufficient to form a belief as the truth of the remaining allegations contained therein, and therefore deny the same and put Plaintiff to his proof thereon.

46. In answering Paragraph 46 of Plaintiff's Amended Complaint, admit that the Court presiding over the criminal charge against Plaintiff held a hearing on Plaintiff's Motion to

Dismiss on or about April 13, 2011; admit that Officer LaFavor and Lieutenant Kober testified under oath at that hearing. Deny the remaining allegations contain therein. Affirmatively allege that the testimony and Court's ruling speak for themselves.

47. In answering Paragraph 47 of Plaintiff's Amended Complaint, admit that the Court presiding over Plaintiff's criminal charge issued an oral ruling on June 3, 2011, and that a transcript of that ruling is attached as Exhibit 2 to Plaintiff's Amended Complaint. Affirmatively allege that the Court's oral ruling speaks for itself, and deny any allegations inconsistent therewith.

48. In answering Paragraph 48 including all subparts of Plaintiff's Amended Complaint, affirmatively allege that the Court's oral ruling attached as Exhibit 2 to Plaintiff's Amended Complaint speaks for itself, and deny any and all allegations contained in Paragraph 48 and all subparts thereof that are inconsistent with the Court's ruling. Deny the remaining allegations contained therein.

49. In answering Paragraph 49 of Plaintiff's Amended Complaint, affirmatively allege that the Court's oral ruling attached as Exhibit 2 to Plaintiff's Amended Complaint speaks for itself, and deny any and all allegations inconsistent therewith. Admit that the criminal charges against Plaintiff were dismissed. Deny the remaining allegations contained therein.

50. In answering Paragraph 50 including all subparts thereof of Plaintiff's Amended Complaint, affirmatively allege that the Court's oral ruling attached as Exhibit 2 to Plaintiff's Amended Complaint speaks for itself, and deny any and all allegations contained in Paragraph 50 and all subparts thereof that are inconsistent with the Court's ruling. Deny any remaining allegations contained therein.

51. In answering Paragraph 51 of Plaintiff's Amended Complaint, admit that the City of Waukesha Police Department conducted an independent internal investigation into the

incident that is the subject of Plaintiff's Amended Complaint as well as the events relating to the destroyed electronic recordings of the incident in question. Deny the remaining allegations contained therein.

52. Admit the allegations contained in Paragraph 52 of Plaintiff's Amended Complaint.

53. In answering Paragraph 53 including all subparts thereof of Plaintiff's Amended Complaint, allege Captain Tischer's Memorandum attached to Plaintiff's Amended Complaint as Exhibit 3 speaks for itself, and deny any and all allegations contained in Paragraph 53 including all subparts thereof that are inconsistent with the Memorandum. Deny the remaining allegations contained therein.

54. In answering Paragraph 54 of Plaintiff's Amended Complaint, Defendants reallege and incorporate by reference the preceding Paragraphs of their Answer as if fully set forth herein.

55. Deny the allegations contained in Paragraph 55 of Plaintiff's Amended Complaint.

56. In answering Paragraph 56 of Plaintiff's Amended Complaint, deny knowledge or information sufficient to form a belief as the truth of the allegations relating to Plaintiff's claimed injuries, and therefore deny the same and put Plaintiff to his proof thereon. Deny the remaining allegations contained in Paragraph 56 of Plaintiff's Amended Complaint.

57. Deny the allegations contained in Paragraph 57 of Plaintiff's Amended Complaint.

58. In answering Paragraph 58 of Plaintiff's Amended Complaint, Defendants reallege and incorporate by reference the preceding Paragraphs of their Answer as if fully set forth herein.

59. Deny the allegations contained in Paragraph 59 of Plaintiff's Amended Complaint.

60. Deny the allegations contained in Paragraph 60 of Plaintiff's Amended Complaint.

61. In answering Paragraph 61 of Plaintiff's Amended Complaint, deny knowledge or information sufficient to form a belief as the truth of the allegations relating to Plaintiff's claimed injuries, and therefore deny the same and put Plaintiff to his proof thereon. Deny the remaining allegations contained therein.

62. Deny the allegations contained in Paragraph 62 of Plaintiff's Amended Complaint.

63. In answering Paragraph 63 of Plaintiff's Amended Complaint, Defendants reallege and incorporate by reference the preceding Paragraphs of their Answer as if fully set forth herein.

64. Deny the allegations contained in Paragraph 64 of Plaintiff's Amended Complaint.

65. Deny the allegations contained in Paragraph 65 of Plaintiff's Amended Complaint.

66. In answering Paragraph 66 of Plaintiff's Amended Complaint, deny knowledge or information sufficient to form a belief as the truth of the allegations relating to Plaintiff's claimed injuries, and therefore deny the same and put Plaintiff to his proof thereon. Deny the remaining allegations contained therein.

67. Deny the allegations contained in Paragraph 67 of Plaintiff's Amended Complaint.

68. In answering Paragraph 68 of Plaintiff's Amended Complaint, Defendants reallege and incorporate by reference the preceding Paragraphs of their Answer as if fully set forth herein.

69. In answering Paragraph 69 of Plaintiff's Amended Complaint, admit that Plaintiff's conduct was referred to the Waukesha County District Attorney for possible criminal charges. Affirmatively allege that the Waukesha County District Attorney exercised prosecutorial discretion in initiating and prosecuting these charges. Deny the remaining allegations contained therein.

70. Deny the allegations contained in Paragraph 70 of Plaintiff's Amended Complaint.

71. Deny the allegations contained in Paragraph 71 of Plaintiff's Amended Complaint.

72. In answering Paragraph 72 of Plaintiff's Amended Complaint, admit that the criminal charges against Plaintiff were dismissed. Deny the remaining allegations contained therein.

73. In answering Paragraph 73 of Plaintiff's Amended Complaint, deny knowledge or information sufficient to form a belief as the truth of the allegations relating to Plaintiff's claimed injuries, and therefore deny the same and put Plaintiff to his proof thereon. Deny the remaining allegations contained therein.

74. Deny the allegations contained in Paragraph 74 of Plaintiff's Amended Complaint.

75. In answering Paragraph 75 of Plaintiff's Amended Complaint, Defendants reallege and incorporate by reference the preceding Paragraphs of their Answer as if fully set forth herein.

76. Deny the allegations contained in Paragraph 76 of Plaintiff's Amended Complaint.

77. Deny the allegations contained in Paragraph 77 of Plaintiff's Amended Complaint.

78. In answering Paragraph 78 of Plaintiff's Amended Complaint, deny knowledge or information sufficient to form a belief as the truth of the allegations relating to Plaintiff's claimed injuries, and therefore deny the same and put Plaintiff to his proof thereon. Deny the remaining allegations contained therein.

79. Deny the allegations contained in Paragraph 79 of Plaintiff's Amended Complaint.

80. In answering Paragraph 80 of Plaintiff's Amended Complaint, Defendants reallege and incorporate by reference the preceding Paragraphs of their Answer as if fully set forth herein.

81. In answering Paragraph 81 of Plaintiff's Amended Complaint, admit that Plaintiff's conduct was referred to the Waukesha County District Attorney for possible criminal charges. Affirmatively allege that the Waukesha County District Attorney exercised prosecutorial discretion in initiating and prosecuting these charges. Deny the remaining allegations contained therein.

82. Deny the allegations contained in Paragraph 82 of Plaintiff's Amended Complaint.

83. In answering Paragraph 83 of Plaintiff's Amended Complaint, deny knowledge or information sufficient to form a belief as the truth of the allegations relating to Plaintiff's claimed injuries, and therefore deny the same and put Plaintiff to his proof thereon. Deny the remaining allegations contained therein.

84. Deny the allegations contained in Paragraph 84 of Plaintiff's Amended Complaint.

85. Deny all allegations contained in Plaintiff's Amended Complaint that are not affirmatively admitted herein.

## AFFIRMATIVE DEFENSES

Defendants further answering Plaintiff's Amended Complaint by way of an affirmative defense applicable to all claims for relief allege as follows:

1. Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted;

2. Plaintiff may have failed to mitigate his damages as required by law;

3. Plaintiff's injuries and/or claimed damages may have been proximately caused by his own actions including his failure to obey a lawful order of a law enforcement officer and/or his resistance of a law enforcement officer;

4. No constitutional violation resulted from a municipal policy or custom;

5. The individual Defendants are entitled to qualified immunity;

6. Defendants are immune from suit for Plaintiff's state law claims pursuant to Wis. Stat. § 893.80;

7. Plaintiff's state law claims are subject to the damages limitation in Wis. Stat. § 893.80;

8. Defendants in no way violated Plaintiff's constitutional rights; and

9. Defendants' actions were objectively reasonable at all times;

WHEREFORE, Defendants demand judgment dismissing Plaintiff's Amended Complaint and awarding Defendants their costs, attorneys' fees and such other relief the Court deems just and equitable.

Dated this 28th day of October, 2013.

        AXLEY BRYNELSON, LLP

        s/ Tyler Wilkinson
        Lori M. Lubinsky, SBN: 1027575
        Tyler Wilkinson, SBN: 1077861
        Attorneys for Defendants
        Suite 200, 2 East Mifflin Street (53703)
        Post Office Box 1767
        Madison, WI 53701-1767
        Telephone: (608) 257-5661
        Facsimile: (608) 257-5444
        E-Mail: llubinsky@axley.com
               twilkinson@axley.com