# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MARK S. SCHROEDER,<br><br>        Plaintiff,<br><br>v.<br><br>CITY OF WAUKESHA,<br>OFFICER RYAN LAFAVOR,<br>OFFICER AMANDA BAUER,<br>LIEUTENANT KEVIN KOBER,<br>SERGEANT TOM WAGNER,<br>CAPTAIN DENNIS ANGLE,<br>COMMUNITY INSURANCE<br>CORPORATION, JOHN DOES, and<br>ABC INSURANCE CORPORATION,<br><br>        Defendants. | Case No. 13-CV-696-JPS<br><br><br><br><br>ORDER |

  The plaintiff, Mark Schroeder, initiated this suit on June 18, 2013. (Docket #1). He sued the City of Waukesha ("the City" or "Waukesha"), several of the City's officers, and the City's insurers. (Docket #1). He amended his complaint on October 15, 2013. (Docket #24).

  Stated generally, Mr. Schroeder's claims stem from a confrontation between Mr. Schroeder and several Waukesha City Police Department ("the Police Department") officers. Mr. Schroeder arrived at the scene of his daughter's car accident, after which time the officers forcibly detained him, causing significant injuries, and formally arrested him. Mr. Schroeder was later charged with resisting or obstructing an officer, but those charges were dropped after it became clear that the Police Department had deleted the video of the incident that had been captured by one of the officer's in-squad cameras.

Based upon that set of facts, Mr. Schroeder has raised the following claims against the defendants:

(1) assault and battery against Officer LaFavor and Officer Amanda Bauer, the two officers on the scene when Mr. Schroeder was first detained (Docket #24, ¶¶ 54–57);

(2) violation of civil rights under color of law, pursuant to 42 U.S.C. § 1983, against Officers LaFavor and Bauer, due to their unwarranted use of physical force against him (Docket #24, ¶¶ 58–62);

(3) violation of civil rights under color of law, pursuant to 42 U.S.C. § 1983, against Officers LaFavor and Bauer, due to their arresting him without probable cause (Docket #24, ¶¶ 63–67);

(4) malicious prosecution against: Officers LaFavor and Bauer; Lieutenant Kevin Kober; Sergeant Tom Wagner; Captain Dennis Angle; and other unidentified Police Department officials (Docket #24, ¶¶ 68–74);

(5) false imprisonment against: Officers LaFavor and Bauer; Lieutenant Kober; Sergeant Wagner; Captain Angle; and other unidentified Police Department officials (Docket #24, ¶¶ 75–79); and

(6) abuse of process against: Officers LaFavor and Bauer; Lieutenant Kober; Sergeant Wagner; Captain Angle; and other unidentified Police Department officials (Docket #24, ¶¶ 80–84).

The defendants moved for summary judgment on all of those claims (Docket #26) and also filed a motion *in limine* to bar Mr. Schroeder's use of the loss of the video footage of his arrest as evidence (Docket #35). The Court must deny both motions.

1. MOTION *IN LIMINE*

The Court will address the motion *in limine* first, because its decision on that issue may inform its decision on the motion for summary judgment.

### 1.1 Rule 401 and Rule 403 Analysis

The defendants argue primarily that the loss of the video is irrelevant to Mr. Schroeder's claims, pursuant to Rule 401 of the Federal Rules of Evidence, and that entry of the evidence will be unduly prejudicial, pursuant to Rule 403. (Docket #36 at 10–13). Frankly, in this situation, the Court strongly disagrees with that assessment.

Beginning with Rule 401, the Court finds the loss of the video relevant to all of the claims. In many ways, this case is a credibility contest. As the Court will discuss further, the parties strongly dispute the other's version of events on the day in question, and the claims in this case largely turn on whether there was probable cause to arrest Mr. Schroeder and how Mr. Schroeder acted in the situation. Mr. Schroeder has several witnesses who will testify to a vastly different set of facts than the officers who were present. Thus, if jurors believe Mr. Schroeder's witnesses, they will likely find for him; if they believe the defendants' witnesses, the defendants will likely prevail. The loss of the video is highly probative of the credibility of the defendants' witnesses. Because there is a vast gulf between the different accounts of the events, the loss of the one piece of evidence that could readily show exactly what occurred is highly suspicious. Combined with the fact that Mr. Schroeder's witnesses—who were all eyewitnesses to the event—never had their statements taken, there emerges at least a hint of serious obfuscation by officers. Thus, the Court finds that the deletion of the video is relevant because it makes the defendants' position and witnesses all the less credible (and may actually make Mr. Schroeder's version of events more believable). Either reason would seem to be acceptable under the Seventh Circuit's interpretation of Rule 401's relevancy requirements in *Whitehead v. Bond.* 680 F.3d 919, 930–31 (7th Cir. 2012) (finding evidence relevant when it made one

version of events more believable and was probative of officers' credibility) (citing *Common v. City of Chicago*, 661 F.3d 940, 947 (7th Cir. 2011)). Thus, the Court finds that the loss of the video satisfies Rule 401's relevancy requirements.

As to Rule 403, the Court must perform a balancing test between the probative value of the evidence and the danger it presents of unfair prejudice; doing so, the Court should not exclude relevant testimony unless its value is *substantially* outweighed by the danger of *unfair* prejudice. *E.g.*, *Thompson v. City of Chicago*, 722 F.3d 963, 971 (7th Cir. 2013); *United States v. Boros*, 668 F.3d 901, 907–909 (7th Cir. 2012). The Court finds the loss of the video highly probative of the officers' credibility and, to a lesser extent, of the actual events of the date in question. On the other side of the scale, the Court finds little danger of unfair prejudice. "Evidence is unfairly prejudicial 'if it will induce the jury to decide the case on an improper basis, commonly an emotional one, rather than on the evidence presented.'" *Lewis v. City of Chicago Police Dep't*, 590 F.3d 427, 441 (7th Cir. 2009) (citing *United States v. Zahursky*, 580 F.3d 515, 525 (7th Cir. 2009)). While the loss of the video may be inflammatory, the defendants will have an ample opportunity to explain it away. Of course, whether the jury accepts that explanation will turn on the defendants' credibility, but the Court does not believe that mere entry of the fact that the tape was destroyed will create such a strong emotional response in the jury as to render the trial unfair. Likewise, testimony regarding loss of the video will not create confusion. The claims are clear in this case and, to the extent that the Court believes that Mr. Schroeder may be attempting to conflate the loss of the footage with a claim in the case, it is able to both prohibit such a line of question and also to provide cautionary or curative instructions, if necessary. Given this balance—strong probative weight versus

little, if any, danger of unfair prejudice—the Court determines that Rule 403 does not apply to bar evidence of the loss of the video.

Because neither Rule 401 nor Rule 403 operate to bar admission of evidence relating to the loss of the video, the Court is obliged to deny the defendants' motion *in limine*.

1.2     Issue Preclusion Analysis

The Court turns to the parties' arguments over issue preclusion. In the criminal proceedings against Mr. Schroeder, the Waukesha County Circuit Court found that the Police Department acted in bad faith by failing to preserve the digital footage. The defendants argue that this finding should not necessitate the "sanction" of allowing the loss of the videotape to be introduced against them. (Docket #36, at 13–19). The Court can dispatch with that argument easily: it is not holding that the evidence is admissible as a "sanction." Rather, the Court is holding that the evidence is admissible, because it is relevant and not unfairly prejudicial.

But this topic raises another possibility: that, based on the Waukesha County Circuit Court's finding, the defendants may be barred by issue preclusion from even arguing that their loss of the video was not done in bad faith. For instance, if the Court gives preclusive effect to the Waukesha County Circuit Court's statements, then it may be required to bar the defendants from presenting its mitigating evidence on the destruction of the videos and/or provide an instruction to the jury regarding the previous bad-faith determination.

To determine whether the Waukesha County Circuit Court's finding should have preclusive effect in these proceedings, the Court must apply Wisconsin's issue preclusion or "collateral estoppel" law. *Best v. City of Portland*, 554 F.3d 698, 701 (citing 28 U.S.C. § 1738; *In re Catt*, 368 F.3d 789,

790–91 (7th Cir. 2004)). Wisconsin law requires courts to follow a two-step analysis, first analyzing whether issue preclusion can be applied, as a matter of law, and second determining whether application of issue preclusion would be unfair. *Id.*, at ¶ 89 (citing *Estate of Rille v. Physicians Ins. Co.*, 2007 WI 36, ¶ 36, 300 Wis. 2d 1, 728 N.W.2d 693). The first step requires the Court to determine "whether the issue or fact was actually litigated and determined in the prior proceeding by a valid judgment in a previous action and whether the determination was essential to the judgment." *Estate of Rille*, 2007 WI 36 ¶ 37. Breaking that statement down into its component parts, the Court identifies the following three elements: (1) the issue was actually litigated in a prior proceeding; (2) the issue was determined in that proceeding by a valid judgment; and (3) the determination was essential to the judgment.[1] *See id.* As to the second step, courts must examine five factors to determine whether application of issue preclusion is fundamentally fair: (1) whether the party against who preclusion is sought could have obtained review; (2) whether the question is one of law involving distinct claims or intervening shifts in the law; (3) whether there are significant differences in the quality of the proceedings between this Court and the court that issued the original ruling; (4) whether the burden of persuasion has shifted, such that the party seeking preclusion had a lower burden in obtaining the original ruling; and (5) whether matters of public policy or circumstance would render application of issue preclusion unfair.

In its June 3, 2011, hearing dismissing the criminal case against Mr. Schroeder, the Waukesha County Circuit Court stated about the loss of the video that "[t]his really goes beyond mere negligence and it really does

---

[1] There is no identity-of-parties requirement as the defendants assert.

look like bad faith," and "I believe that the actions of the officers indicate that they were trying to hide something…." (Docket #47, Ex. 1, at 30:6–30:7, 32:18–32:19). The Waukesha County Circuit Court relied on those statements and others in dismissing the criminal case against Mr. Schroeder.

But, there remain many unresolved issues about the effect of this statement for both the first and second step, and the parties have not had the opportunity to brief it from this vantage point. The legal effect of those statements in the hearing dismissing the charges may be thoroughly debated. Thus, the Court will direct the parties to brief the issue, addressing whether those or other statements of the Waukesha County Circuit Court satisfy the requirements of the first and second steps of the issue preclusion analysis.

Because he will have the burden to establish that issue preclusion applies, *Aldrich v. Labor and Industry Review Comm'n*, 2012 WI 53, ¶ 88, 341 Wis. 2d 36, 814 N.W.2d 433, Mr. Schroeder shall file the first brief. His brief should not exceed ten (10) pages and should be filed within fourteen (14) days of the entry of this order. The defendant shall then file a response within fourteen (14) days; its response, likewise, should not exceed ten (10) pages. If he wishes to do so, Mr. Schroeder may then file a reply brief within seven (7) days, which shall not exceed five (5) pages.

1.3    Spoliation/Destruction Jury Instruction Analysis

Mr. Schroeder argues that he should be entitled to a spoliation/ destruction of evidence jury instruction. (Docket #39 at 21–25). The Court will hold that request in abeyance. Its issue preclusion determination may ultimately make this request moot, so the Court finds it better to wait to resolve this matter. If the case ultimately goes to trial, the parties may file motions *in limine* on the issue or submit opposing jury instructions, along with briefing. The Court will analyze and resolve the issue at that time.

2. SUMMARY JUDGMENT ANALYSIS

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *Anderson*, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

2.1 Claims Against Defendants in their Individual Capacity

Simply put, the defendants have not carried their burden to show the absence of genuine disputes of material fact. The defendants acknowledge, at least regarding the excessive force claim, that the parties offer different versions of the relevant events and stating that "[t]his factual disparity is likely sufficient to create a genuine issue of material fact as to the excessive force claim against Officer LaFavor." (Docket #52 at 1 (citing *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003))). However, the defendants continue to assert that there remain no genuine issues of material fact. (Docket #52, at 1).

They are wrong. All of the claims rest upon the factual version of events that occurred at Mr. Schroeder's arrest and in the following criminal prosecution, including the destruction of the video. For instance, if the jury determines that Mr. Schroeder's witnesses are telling the truth, then it would likely follow that the officers lacked probable cause to arrest Mr. Schroeder; that the officers did not use reasonable force in detaining Mr. Schroeder; that the officers are not entitled to qualified or discretionary immunity; that the

defendants acted with malice in maintaining their prosecution against him;[2] and that the officers abused process in seeking his prosecution.[3] Granted, those last two claims rely less upon the arrest and surrounding circumstances than the first two, but the events of the day in question and other disputed events still bear upon them.

Importantly, those events are seriously disputed, and there is no clear evidence on either side. It comes down to opposing statements of witnesses. Clearly, such questions are best left to the jury. Summary judgment is, thus, wholly inappropriate on those claims, except to the extent discussed in the next section.

### 2.2 Civil Rights Claims Against the City and Defendants in their Official Capacity

On the other hand, the Court must dismiss Mr. Schroeder's claims against the City and the defendants in their official capacity. A plaintiff cannot sustain a § 1983 civil rights action against a municipality or employees

---

[2]Indeed, if the events unfolded in the way that Mr. Schroeder and his witnesses assert they did, then the malice element could be met by either establishing that Mr. Schroeder was referred for prosecution for the same reason he was allegedly attacked or in order to silence his complaint about those attacks. And, given that the Police Department later lost the video of the incident and offered Mr. Schroeder a release-dismissal agreement, there is likely positive evidence from which a jury could find malice. *E.g. Yelk v. Seefeldt*, 35 Wis. 2d 271, 278–79, 151 N.W.2d 4 (1967).

[3]The defendants argue that Mr. Schroeder cannot sustain his abuse of process claim because he cannot establish that his prosecution was "an attempt to use process as a means of extortion." (Docket #52, at 14 (citing *Schmit v. Klumpyan*, 2003 WI App 107, ¶ 8, 264 Wis. 2d 414, 663 N.W.2d 331)). The Court believes this is wrong: again, the collateral advantage or target of extortion gained by charging Mr. Schroeder would be to extract an agreement not to sue or press charges. This may ultimately prove unfounded, but, given the defendants' course of conduct, including destruction of the video and offer of a release-dismissal agreement, the Court simply believes that a trial is necessary.

thereof in their official capacity unless the plaintiff can establish the existence of some policy, practice, or custom employed by the municipality or its employees that caused his constitutional injuries. *See, e.g.*, *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978); *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995). Mr. Schroeder has not alleged any facts regarding the existence of such a policy, practice, or custom, and thus his § 1983 claims must be dismissed as against the City and the defendants in their official capacity.

The defendants' motion for summary judgment must be granted in that limited regard.

However, it should be noted that this does not affect Mr. Schroeder's non-§ 1983 claims. *Monell*'s policy, practice, or custom requirement does not apply to Mr. Schroeder's state law claims.

With that said, Mr. Schroeder's complaint lacks clarity with regard to his claims against the City. It is unclear what claims he asserts against the City. As mentioned, he cannot sustain a § 1983 claim against the City, and the Court cannot envision how he could assert his assault and battery, abuse of process, malicious prosecution, or false imprisonment claims against the City. Rather, it seems that he is attempting to ensure that the City is named for indemnification purposes under Wis. Stat. § 895.46. If that is the case, then Mr. Schroeder will need to amend his complaint to add a claim against the City under Wis. Stat. § 895.46. *See Javier v. City of Milwaukee*, 670 F.3d 823, 824, 828–831 (7th Cir. 2012) (extensively discussing application of Wis. Stat. § 895.46 after noting that a group of plaintiffs had "named the City of Milwaukee as a defendant under a Wisconsin statute [Wis. Stat. § 895.46] that requires the City to pay judgments assessed against its employees for acts committed within the scope of their employment." The Seventh Circuit, in

that case, seemed to accept that, contrary to the defendants' arguments (Docket #52, at 15 & n.7), a city could be named for indemnification purposes under Wis. Stat. § 895.46, and the Court believes that process is proper to follow. The Court finds that justice so requires, because it is clear that the plaintiff's failure to plead that claim was mere misunderstanding or oversight, and it is readily understandable that the plaintiff having named the City was for indemnification purposes. (*See* Docket #48, at 29–30). Thus, having found that justice so requires, and pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, the Court hereby gives Mr. Schroeder leave to amend his complaint for the limited purpose of adding a claim against the City under Wis. Stat. § 895.46. He should file that amended complaint within ten (10) days of the entry of this order.

4. CONCLUSION

For the reasons discussed above, the Court is obliged to deny the defendants' motion *in limine* and motion for summary judgment. This case shall proceed to trial as scheduled, and evidence of the destruction of the video may be used at that trial. The Court will determine the preclusive effect of the Waukesha County Circuit Court's statements after receiving additional briefing from the parties.

In the meantime, because this case is on track for trial, the Court admonishes the lawyers to begin their preparations. Specifically, if they have not already done so, the parties should begin looking very closely at the applicable jury instructions and working with each other to agree on those instructions to the fullest extent possible.

Accordingly,

IT IS ORDERED that the defendants' motion for summary judgment (Docket #26) be and the same is hereby GRANTED in part and DENIED in part, as more fully discussed above;

IT IS FURTHER ORDERED that the defendants' motion *in limine* (Docket #35) be and the same is hereby DENIED;

IT IS FURTHER ORDERED that, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, Mr. Schroeder be and the same is hereby GRANTED LEAVE to file an amended complaint for the limited purpose of adding a Wis. Stat. § 895.46 claim against the City; he shall file that amended complaint within three (3) days of the entry of this order; and

IT IS FURTHER ORDERED that the parties shall file additional briefs regarding issue preclusion as more fully discussed above in Section 1.2. Mr. Schroeder shall file the first brief on the issue; his brief should not exceed ten (10) pages and should be filed within fourteen (14) days of the entry of this order. The defendant shall then file a response, which shall not exceed ten (10) pages, within fourteen (14) days. Mr. Schroeder *may* then file a reply brief within seven (7) days, which shall not exceed five (5) pages.

Dated at Milwaukee, Wisconsin, this 25th day of April, 2014.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge